IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| ROBERT M. BATTLE, AS TRUSTEE OF KTW GROUP | § | |
| Vs. | § | CIVIL ACTION NO. 9:06CV109 |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

     Plaintiff, Robert M. Battle, proceeding pro se, filed a pleading titled "Motion for Judicial Review of a Documentation Purporting to Create a Judgment Lien" in the Judicial District Court in Tyler County, Texas, on April 21, 2006. Construing the pleading as an action to challenge the validity of a Notice of Federal Tax Lien,[1] Defendant removed the case to this Court by filing a Notice of Removal on May 25, 2006. Defendant filed a counterclaim on October 3, 2006 seeking to reduce Battle's tax assessments to judgment and to foreclose on tax liens. The matter was referred to the undersigned to conduct pretrial proceedings in accordance with 28 U.S.C. § 636. Defendant filed a Motion for Summary Judgment (document #19), which is the subject of this Report and Recommendation.

---

[1] *Pro se* pleadings are to be construed liberally and it is appropriate to determine that Battle has met the jurisdictional requirement for bringing a quiet-title action against the government under 28 U.S.C. § 2410(a)(1). *See Perez v. U.S.*, 312 F3d 191 at 195 (5th Cir.2002).

*Background*

In his original pleading filed in Tyler County, Battle states that he is seeking a judicial determination of the legal status of a Notice of Federal Tax Lien filed against KTW Group. The Government's motion for summary judgment sets out the facts that led up to the filing of the notice of federal tax lien.

Robert M. Battle is a medical doctor practicing alternative medicine in Houston, Texas. His practice is referred to as the "Comprehensive Health Association," although it is unclear what type of legal entity it is. Dr. Battle filed federal income tax returns for the years 1996, 1997 and 1998 for himself and for three trusts he operated – KTW Investments, KTW Consultants and HSH Investments. The Internal Revenue Service ("IRS") started an examination of the returns and determined that the returns were not valid and that the original assessments were improper. The examination focused on whether the three trusts operated by Battle were shams with no economic substance that should be disregarded for federal income tax purposes. The IRS determined that the trusts were indeed shams with no economic substance and the original assessments were abated. The trusts were disregarded for federal income tax purposes and all income reported by the trusts were deemed to be Battle's income. Notices of deficiency were issued by the IRS for Battle's taxable years 1996, 1997 and 1998.

Defendant asserts that the notices of deficiency took alternative, inconsistent, "whipsaw" positions, taxing the same income to both the trusts and Dr. Battle. A whipsaw occurs when different taxpayers treat the same transaction involving the same items inconsistently, thus creating the possibility that income could go untaxed or two unrelated parties could deduct the same expenses

on their separate returns.² Whipsaw assessments were made on February 28, 2001 against Dr. Battle, KTW Consultants and HSH Investments. KTW Investments was not included because it had very little income.

Battle did not make payments in response to the notices of deficiency. As of May 31, 2006, Battle had a balance of $238,166.25 due for tax year 1996, $215,183.60 for 1997 and $144,731.09 for 1998, for a total balance due of $598,036.94. These amounts include substantial penalties and interest assessed up to that date. The IRS filed notices of federal tax lien in Harris County, Texas against Battle, KTW Consultants and HSH Investments.

The IRS sought additional records from Battle concerning his assets and financial activities, as well as records and testimony concerning taxable years 1999 through 2004. The IRS served summonses on Battle. Due to Battle's noncompliance, the IRS filed a petition in the United States District Court for the Southern District of Texas to enforce its summonses.³ At a show cause hearing conducted on January 6, 2006, Battle testified that the "several" trusts of which he was the trustee "were amalgamated and rolled into one . . ." named "KTW Group."⁴ On January 20, 2006, the Court entered an Order of Coercive Contempt for Battle's "wilful refusal to comply with the two summons issued by the Internal Revenue Service on July 7, 2005 . . ." Another Order was entered on January 23, 2006 finding that the summonses would be enforced and directing Battle to provide

---

²*Seidel v. C.I.R.*, T.C. Memo. 2005-67, 2005 WL 730077 (U.S. Tax Ct. 2005)

³The case is styled *United States of America v. Robert M. Battle*, Miscellaneous Cause No. 4:05mc520 in the United States District Court for the Southern District of Texas, Houston Division.

⁴See transcript from Hearing Before the Honorable Lynn N. Hughes, United States District Judge, attached to Government's Motion for Summary Judgment as Government Exhibit #6.

the requested documents and information. An employee of Battle's produced the necessary documentation on that date and Battle was released from custody. The produced documents included bank statements for an account for KTW Group, which listed the same mailing address as Battle's business, the Comprehensive Health Association. The checks additionally listed Battle as trustee. Battle filed a notice of appeal. In a *per curiam* opinion filed on January 10, 2007, the Fifth Circuit Court of Appeals affirmed the appealed orders.

The produced documents additionally included warranty deeds conveying property in Tyler County, Texas to KTW Group. At issue in this case are three pieces of property in Tyler County that were conveyed to KTW Group. Two of those pieces of property, described as 11.942 acres out of the C.C. Arnett Survey (Tract 2), Abstract 39, and 17.299 unimproved acres situated in the Cullen Arnett Survey (Tract 3), Abstract 39, were conveyed by warranty deed from HSH Investments to KTW Group. The third piece of property, described as 19.605 unimproved acres situated in the Cullen Arnett Survey (Tract 4), Abstract 39, was conveyed by warranty deed from KTW Investments to KTW Group.

After receiving these documents showing the conveyances of property to KTW Group, the IRS filed a Notice of Federal Tax Lien on February 28, 2006 in Tyler County, Texas, against "KTW Group, of Houston, Texas, as a nominee of Robert M. Battle." The notice listed a February 26, 1996 assessment for the tax period ending December 31, 1994 and a December 9, 1996 assessment for the tax period ending December 31, 1995, as well as the above-mentioned February 28, 2001 assessment for the tax periods ending December 31, 1996, December 31, 1997 and December 31, 1998.

This case followed with Battle's filing of his "Motion for Judicial Review of a Documentation Purporting to Create a Judgment Lien that was filed in Tyler County" on April 21,

2006.  Defendant filed a Notice of Removal and the case was filed in this Court on May 25, 2006.  In his pleading, Battle challenges the IRS' authority to collect tax owed by him by designating KTW Group as his nominee.  Battle asserts that the property subject to the notice of federal tax lien is wholly owned by KTW Group and that KTW Group is "a Texas Joint-Stock company."  Battle argues that KTW Group is "a separate legal and tax entity."  Battle acknowledges in his petition that he is the trustee of KTW Group, however he submits that his "powers cannot be equated with ownership or a property interest under Texas law."  Defendant filed its counterclaim on October 3, 2006, seeking to reduce federal tax assessments to judgment against Battle and to foreclose its lien on the three Tyler County properties listed in the Notice of Federal Tax Lien.

Defendant filed its Motion for Summary Judgment on November 13, 2006 seeking the same relief requested in its counterclaim – to reduce federal tax assessments to judgment against Battle and to foreclose its tax lien upon three pieces of real property located in Tyler County, Texas, titled in the name of KTW Group.  In his response, filed on December 7, 2006, Battle complains that the Notice of Federal Tax Lien includes assessments for the years 1994 through 1998, however the Defendant's counterclaim identified assessments for 1995 through 1998 and the motion for summary judgment discusses assessments for 1996 through 1998.  Battle contends that the Notice of Federal Tax Lien must be "released" because it does not list correct tax years and amounts.  In addition, he complains that the IRS has not furnished a copy of the original Form 4340.  Battle argues that he is being subject to double taxation and double collection by the IRS.  He challenges the IRS' finding that his "business trusts" were shams.  He submits that they were legitimate legal and tax entities.  Battle denies that KTW Group is his nominee and he argues that the IRS does not have valid liens on the KTW Group property.

Defendant filed a reply addressing Battle's response on December 21, 2006.  Among other things, Defendant explains that the motion for summary judgment only addresses the assessments for 1996, 1997 and 1998 because Battle no longer has an outstanding liability for 1994 and 1995.[5] Defendant asserts that the discrepancy in the years listed in the Notice of Federal Tax Lien do not render it invalid because Battle still has outstanding tax liabilities for 1996, 1997 and 1998. Defendant additionally explains that the Form 4340 referred to by Battle is not the document upon which the IRS makes the tax assessment, but rather it is "a certified transcript, prepared by the IRS, showing the assessment and all other activities related to a specific tax amount."  With regard to Battle's claim that he is being subject to double taxation, Defendant asserts that whipsaw assessments were made due to income being filtered back and forth through the entities, but the IRS only collects the liability once even though the tax may be assessed two or more times.  Defendant points out that Battle did not attach any competent summary judgment evidence to his response supporting his assertions.

Finally, a sur-reply was filed by Battle on January 11, 2007.  Battle continues to argue that the IRS has assessed and is collecting twice on the same income.  He alleges that the whipsaw assessment violates I.R.C. §§ 1 and 3.  He also repeats many of his previous arguments.

*Summary Judgment Standard*

Rule 56(c) of the FED. R. CIV. P. provides that the Court may only grant a motion for summary judgment when there is no genuine issue of material fact and the moving party is entitled to summary judgment as a matter of law.  The party seeking summary judgment always bears the

---

[5]The 1994 liability was reduced to zero because of the ten year collection statute, 26 U.S.C. § 6502.  The 1995 liability was satisfied some time after the Notice of Federal Tax Lien was filed because the IRS received levy proceeds exceeding the amount owed for 1995.

initial responsibility of informing the district court of the basis for its motion and identifying those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553 (1986). The moving party, however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant's burden is only to point out the absence of evidence supporting the nonmoving party's case. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996). Once, the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial. *Id.* Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the nonmovant's burden. *Id.*

Summary judgment is inappropriate if the evidence before the court, viewed as a whole, could lead to different factual findings and conclusions. *Honore v. Douglas*, 833 F.2d 565 (5th Cir. 1987). The district court must look to the full record, including the pleadings, affidavits, and depositions. *Williams v. Adams*, 836 F.2d 958, 961 (5th Cir. 1988). Under this standard, fact questions are considered with deference to the nonmovant. *Reid v. State Farm Mutual Automobile Insurance Co.,* 784 F.2d 577, 578 (5th Cir.1986). The evidence of the nonmovant is to be believed and all inferences are to be drawn in his favor. *Anderson v. Liberty Lobby*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513 (1986). The Court resolves factual controversies for purposes of summary judgment in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. *Little v. Liquid Air Corp.*, 37 F.3d at 1075. The Court does not, however, in the absence of any proof, assume that the nonmoving party

could or would prove the necessary facts. *Wallace v. Texas Tech University*, 80 F.3d 1042, 1048 (5th Cir. 1996) (citing *Little v. Liquid Air Corp*, 37 F.3d at 1075).

An issue is "genuine" if the evidence supporting its resolution in favor of the party opposing summary judgment, together with any inference in such party's favor that the evidence allows, would be sufficient to support a verdict in favor of the party. *St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987). A "material fact" is one that might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby*, 477 U.S. at 248, 106 S.Ct. at 2510.

*Discussion and Analysis*

In its counterclaim, Defendant seeks to collect unpaid taxes. In the present motion for summary judgment, Defendant asks this Court to reduce tax assessments to judgment. Pursuant to 26 U.S.C. § 7402, federal district courts have jurisdiction to render judgments "as may be necessary or appropriate for the enforcement of internal revenue laws."

Defendant offers Certificates of Assessments and Payments for the years 1996, 1997 and 1998 as proof of the adequacy and propriety of the notices and assessments made. Certificates of Assessments and Payments, referred to as the Form 4340, are admissible[6] and are considered "presumptive proof of a valid assessment where the taxpayer has produced no evidence to counter that presumption." *U.S. v. McCallum*, 970 F.2d 66, 71 (5th Cir.1992) (citing *Rocovich v. U.S.*, 933 F.2d 991, 993 (Fed.Cir.1991). The IRS Form 4340 is a valid and appropriate source of evidence of the IRS's assessment and notice of tax arrears. *Perez v. U.S.*, 312 F.3d 191, 195 (5th Cir.2002). To rebut the Form 4340's presumption of validity, the taxpayer must produce evidence to the contrary. *Stallard v. United States*, 12 F.3d 489, 493 (5th Cir.1994).

---

[6]*See McCarty v. U.S.*, 929 F.2d 1085, 1089 (5th Cir.1991).

In this case, Battle has not produced evidence rebutting the presumption that the Certificates of Assessment and Payments produced by Defendant are valid. He claims that he has been taxed "double" as a result of the whipsaw assessments, but provides no evidence showing double taxation. There has been no showing that the assessments were untimely pursuant to 26 U.S.C. § 6501(a). In addition, Battle failed to challenge the assessments by filing a timely petition for redetermination of tax in the United States Tax Court pursuant to 26 U.S.C. § 6503(a)(1). Battle submits in his response to the motion for summary judgment that he did not receive a tax assessment. Faced with the "solid evidence" of a Form 4340, it is insufficient for a taxpayer to offer "only unsubstantiated, self-serving allegations that he did not receive notice of his assessed tax liabilities." *Perez v. United States*, 312 F.3d at 195. Accordingly, the evidence shows a proper assessment and notice of Battle's tax liabilities for the years 1996, 1997 and 1998. Defendant's motion for summary judgment should be granted as to its request to reduce these tax assessments to judgment.

Next, Defendant seeks to foreclose on its lien upon the three Tyler County properties. The Notice of Federal Tax Lien was filed on those properties based on a nominee theory. Three separate warranty deeds transferred the pieces of property from HSH Investments and KTW Investments to KTW Group. Both HSH Investments and KTW Investments were previously determined by the IRS to be trusts that were shams with no economic substance and their income was assessed as Battle's income.

Although he asserts that KTW Group is a separate legal entity, Battle has not produced any evidence to show what type of legal entity it is. He refers to KTW Group as "a Texas Joint-Stock company," however there is no evidence of incorporation. In the previous case in the Southern District concerning enforcement of the IRS summonses, Battle testified that KTW Group is a trust.

He stated that his previous trusts were "amalgamated and rolled into" KTW Group. He does not deny that he is trustee of KTW Group and printed checks for KTW Group identify him as the trustee.

In determining whether a taxpayer has an interest in property that is subject to a tax lien, courts look to state law. *Aquilino v. United States*, 363 U.S. 509, 513, 80 S.Ct. 1277, 1280-84 (1960). The property at issue in this case is in Texas and Texas law should determine whether Battle has a property right in the real property. *United States v. Chapman*, 756 F.2d 1237, 1240 (5th Cir.1985). As noted by the Government, however, Texas courts have not set forth factors for determining whether an entity is a nominee of another. When Texas law applies to an issue, but Texas law does not address that issue, federal courts will look to federal law for guidance. *See State Bank & Trust Co. v. Insurance Co. of the West*, 132 F.3d 203, 205 n.3 (5th Cir.1997).

Pursuant to 26 U.S.C. § 6321, "[i]f any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." Other federal district courts have held that the government may place liens on property held by an entity as either an alter ego or the nominee of a taxpayer. *United States v. Dawes*, 344 F.Supp.2d 715, 721 (D.Kan. 2004); *Sumpter v. U.S.*, 302 F.Supp.2d 707, 720 (E.D.Mich. 2004); *Towe Antique Ford Found. v. Internal Revenue Service*, 791 F.Supp. 1450, 1453 (D.Mont. 1992), *aff'd*, 999 F.2d 1387 (9th Cir.1993). A taxpayer may be the equitable owner of land even if the land is conveyed to another. *U.S. v. Miller Bros. Construction Co.*, 505 F.2d 1031, 1036 (10th Cir.1974). A "nominee" holds legal title to property that really belongs to another who exercises control over and realizes the benefit of it. *Sumpter v. U.S.*, 302 F.Supp.2d at 720. To

determine whether an entity is a nominee of another, the degree to which another person exercises control over the entity and its assets is examined. *Id*.

Battle testified under oath in another case that KTW Group is a trust. Battle is the trustee. Some relevant factors to consider in evaluating whether property is held by a trust that is the taxpayer's nominee include: (1) the taxpayer's control over the nominee and its assets; (2) the use of trust funds to pay taxpayer's personal expenses; (3) the relationship between the taxpayer and the nominee; (4) the lack of internal controls and the lack of nominee oversight of taxpayer's actions; and (5) the lack of consideration for transfers of property. *Shades Ridge Holding Co. v. U.S.*, 888 F.2d 725, 729 (11th Cir.1989); *Loving Saviour Church v. United States*, 728 F.2d 1085, 1086 (8th Cir.1984); *United States v. Dawes*, 344 F.Supp.2d at 721.

The evidence in this case reveals that Battle retained control over KTW Group as the trustee. Bank records for KTW Group show that Battle signed checks on the account for various personal expenses, including utility bills, construction work, cash, donations and a Christmas gift. Deposits into the KTW Group account were drawn on the account of Battle's business, the Comprehensive Health Association. There is no evidence that consideration was paid for the transfers of property from the previous trusts to KTW Group. Importantly, the trusts that conveyed the real property to KTW Group were previously determined by the IRS to be trusts that are "shams with no economic substance" and their income is considered by the IRS to be Battle's income. According to Battle, these earlier trusts were "amalgamated and rolled into one," meaning the KTW Group trust. There is an undeniably close relationship between Battle and KTW Group. The close relationship between Battle and KTW Group is clearly stated in Battle's pleadings. He filed pleadings in this case "as

trustee of KTW Group" and stated the following with regard to his powers as trustee:[7]

> The trustee of KTW Group has fee simple ownership or legal and equitable title to the entity and assets. The said trustee's control over the assets held in his name as trustee is real and substantial. The name KTW Group is the legal collective name of the trustee(s). Thus, the said trustee, Robert M. Battle, trustee is the real party in interest.[8]

Battle identifies himself as the equitable owner of the "entity" and assets of KTW Group. With these facts, it is not difficult to conclude that KTW Group is Battle's nominee and the Court should so find.

Battle takes issue with the fact that the Notice of Federal Tax Lien lists assessments for the years 1994 and 1995. Battle no longer has outstanding tax liabilities for the years 1994 and 1995, although he did at the time the Notice of Federal Tax Lien was filed. The 1994 liability was reduced to zero because of the ten year collection statute, 26 U.S.C. § 6502. The 1995 liability was satisfied some time after the Notice of Federal Tax Lien was filed because the IRS received levy proceeds exceeding the amount owed for 1995. Battle cites no authority for his assertion that the liens must be "released" due to this discrepancy and the undersigned is aware of none. Battle has not shown that changes in the amounts owed render a notice of tax lien void. There are still tax liabilities owed for 1996, 1997 and 1998 and the liens should attach to the property until all tax periods have been paid or otherwise satisfied.

For the reasons assigned above, the undersigned finds that there are no genuine issues of material fact and Defendant is entitled to judgment as a matter of law. Defendant's Motion for

---

[7] *See* "Plaintiff's and Additional Defendant's Response to United States of America's First Amended Answer and Counterclaim" (document #17).

[8] Emphasis omitted.

Summary Judgment should be granted. In addition to finding that KTW Group is holding the Tyler County properties merely as a nominee in favor of Robert M. Battle, the Court should find that the United States' federal tax liens have attached to the Tyler County properties, that the Tyler County properties are property of Robert M. Battle and that the United States may enforce its federal tax liens against such properties and sell these properties.

## RECOMMENDATION

It is hereby recommended that the Defendant's Motion for Summary Judgment (document #19) be granted.

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within ten days after service shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Services Auto. Assn.,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So **ORDERED** and **SIGNED** this 7 day of **February, 2007.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE